IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JELENA R.,[1]   )
              )
    Plaintiff, )
              )     CIVIL ACTION
v.            )
              )     No. 19-1194-JWL
ANDREW M. SAUL, )
Commissioner of Social Security, )
              )
    Defendant. )
_____)

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Supplemental Security Income (SSI) benefits pursuant to sections 1602 and 1614 of the Social Security Act, 42 U.S.C. §§ 1381a and 1382c (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) failure to consider the factors from Frey v. Bowen, 816 F.2d 508, 517 (10th Cir. 1987) before relying on Plaintiff's noncompliance with treatment recommendations, the court ORDERS that the decision below shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the Commissioner's final decision for further proceedings consistent with this decision.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

**I.    Background**

Plaintiff protectively filed an application for SSI on August 7, 2017. (R. 17, 253). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims the ALJ erroneously relied on her noncompliance with treatment recommendations without considering the factors required by the court's decision in Frey. (Pl. Br. 11-14).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the

Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

## II.   Discussion

Plaintiff argues the ALJ discounted her allegations of disabling symptoms based on her finding Plaintiff's allegations were inconsistent with her routine and conservative treatment, inconsistent with the fact she was not fully compliant with taking her medication, inconsistent with her improvement with case management and therapy, and were inconsistent with her numerous activities of daily living.  Plaintiff argues that in finding her noncompliant with medication recommendations the ALJ never applied the four-factor test from Frey and this failure to apply the correct legal standard requires

remand. (Pl. Br. 12). Plaintiff acknowledges that the ALJ addressed two of the four Frey factors—whether the treatment was prescribed, and whether the treatment was refused—but she ignored the other two factors—whether the treatment would restore the ability to work, and whether the refusal was without justifiable excuse. (Pl. Br. 15). She argues that such an error may be harmless, but it is not in this case because the remainder of the ALJ's evaluation of inconsistencies is unsupported. Id. at 16-17 (citing Branum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004); and Dorrough v. Colvin, No. 12-4025-JWL, 2013 WL 4766804 (D. Kan. Sept. 4, 2013)). She argues the evidence does not support that her condition improved with therapy and case management, her mental status examinations do not show sufficient improvement to allow for work, and her daily activities do not demonstrate an ability to work.

The Commissioner points out that in order to overturn the ALJ's factual findings the court "must find that the evidence not only supports a contrary conclusion, but compels it." (Comm'r Br. 1). He argues that because the ALJ provided reasons supported by the evidence to find Plaintiff is not disabled, the court should affirm her decision. Id. He argues that the evidence supports the ALJ's findings that Plaintiff improved with treatment, her mental health care was routine and conservative, she did not comply with treatment recommendations, and her activities of daily living are inconsistent with allegations of disabling symptoms. Id. at 7-11. Finally, he argues "[t]he medical opinion evidence also supports the ALJ's assessment of Plaintiff's subjective symptom testimony." Id. at 11-12. He concludes,

> Plaintiff had a fair hearing and full administrative consideration in accordance with applicable statutes and regulations. Substantial evidence on the record as a whole supports the Commissioner's decision. Accordingly, the Commissioner's decision should be affirmed.

(Comm'r Br. 13).

In her Reply Brief, Plaintiff argues that the Commissioner did "not address the ALJ's failure to apply the Frey test." (Reply 3). She argues that the Commissioner "seems to argue that further discussion of [Plaintiff]'s noncompliance was not necessary because the ALJ did not find [Plaintiff]'s 'symptoms would be entirely ameliorated by medication compliance.'" Id. (quoting Comm'r Br. 9). She argues that an "ALJ must apply the Frey factors when assessing credibility, not only when noncompliance is a reason for a finding of no disability." Id. (citing Goodwin v. Barnhart, 195 F. Supp. 2d 1293, 1295 (D. Kan. 2002)).

### A.   The ALJ's Findings Regarding Plaintiff's Allegations of Symptoms

As the parties agree the ALJ found Plaintiff's allegations of disabling symptoms "are not entirely consistent" with the record evidence. (R. 22). She made four findings of inconsistency: Plaintiff's mental health treatment "has been essentially routine and conservative in nature" (R. 22); Plaintiff has not been compliant with taking her medications; with regular therapy and case management Plaintiff's symptoms have somewhat improved and "mental status examinations have shown an improvement in her symptoms" (R. 23); and her activities of daily living "are not limited to the extent one would expect, given the complaints of disabling symptoms and limitation that preclude her from work activities." (R. 24).

**B.    Analysis**

In Frey, the court stated what has become known as "the Frey test:" that, "In reviewing the impact of a claimant's failure to undertake treatment, ... [the court] consider[s] four elements: (1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse." Frey, 816 F.2d at 517. In Thompson v. Sullivan, 987 F.2d 1482 (10th Cir. 1993), the facts reveal that the plaintiff took prescription medication for a while but quit because she could not afford it, and later stopped seeing the doctor because she could not afford that. Id. at 1486. The court applied the Frey test to "the claimant's failure to pursue treatment or take medication." Id. at 1490.

In 2000, the Tenth Circuit visited a similar issue in which the ALJ found the plaintiff incredible, in part, because of a failure to take pain medication for allegedly severe pain. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Plaintiff argued this finding was error because "he took pills his friends gave him," although he did not know what he was taking and did not indicate the frequency with which this occurred, and he argued that the Frey test should have been applied. Id. The court found the Frey test inapposite "because Frey concerned the circumstances under which an ALJ may deny benefits because a claimant has refused to follow prescribed treatment." Id. The court explained its finding:

> The ALJ here did not purport to deny plaintiff benefits on the ground he failed to follow prescribed treatment. Rather, the ALJ properly considered what attempts plaintiff made to relieve his pain--including whether he took pain medication--in an effort to evaluate the veracity of plaintiff's contention that his pain was so severe as to be disabling.

7

Id.

In Goodwin v. Barnhart, 195 F. Supp. 2d 1293, 1296 (D. Kan. 2002), Judge Crow synthesized these Tenth Circuit cases:

> The court has no trouble reading Qualls so as to be consistent with Thompson. The claimant in Qualls argued "that the ALJ erred in relying on plaintiff's failure to take medication for severe pain" because there was evidence that he took pain pills from friends and because the ALJ did not have the evidence necessary to consider the Frey factors. 206 F.3d at 1372. As the Tenth Circuit observed, the credibility issue in Qualls was not whether the claimant had refused to follow prescribed treatment but whether he had attempted to relieve his pain, "including whether he took pain medication." Id. Thus, the panel in Qualls did not consider the rule from Thompson, as the ALJ had not denied benefits because the claimant had refused "to follow prescribed treatment." Id.

In 2000, the Tenth Circuit seems to have reached the same distinction in an unpublished case. Allen v. Apfel, No. 99-3249, 2000 WL 796081, *3 (10th Cir. June 21, 2000). Thus, the Frey test must be applied when an ALJ finds that a claimant has refused to follow prescribed treatment including taking prescribed medication, but it need not be applied when the ALJ is merely considering a claimant's attempts to relieve her symptoms.

As Plaintiff points out, in his Brief the Commissioner never addressed Plaintiff's arguments regarding the Frey test. Rather, he argued the ALJ found that Plaintiff received medication and attended therapy on a fairly regular basis "and the evidence of record showed that when she was compliant with medication and therapy her mental symptoms improved." (Comm'r Br. 10). Thus, the Commissioner argues specifically that Plaintiff was receiving medication and attending therapy in an attempt to relieve her mental health symptoms and that her condition improved when she was compliant with

8

recommendations and, by negative implication, that it worsened when she was noncompliant.  This is precisely the situation to which the Tenth Circuit has found that Frey applies yet the Commissioner ignored Plaintiff's argument in that regard.  The Commissioner's argument in this case—that in order to overturn the ALJ's factual findings the court "must find that the evidence not only supports a contrary conclusion, but compels it" (Comm'r Br. 1), and therefore because the ALJ provided reasons supported by the evidence to find Plaintiff is not disabled, the court should affirm her decision—ignores that the Commissioner must apply the correct legal standard.

Regarding her noncompliance with medication, Plaintiff does not argue that the evidence supports findings contrary to those made by the ALJ.  She argues that the ALJ did not make findings required by regulations and case law—whether the treatment with which Plaintiff was noncompliant would restore the ability to work, and whether her noncompliance was without justifiable excuse.  The Commissioner simply did not address this argument in his Brief.  While it may be arguable that Frey or the regulation upon which it relied is not applicable in the circumstances of this case, or that Frey was wrongly decided, the Commissioner does not make those arguments, and the court may not make them for him.  Remand is necessary for the Commissioner to apply the correct legal standard to the issue presented in this case.

**IT IS THEREFORE ORDERED** that the decision below shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the Commissioner's final decision for further proceedings consistent with this decision.

Dated May 1, 2020, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**
